UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GLENDY YANETH ARREAGA MORALES DE PUTUL,<br><br>Petitioner,<br><br>v.<br><br>LAURA HERMOSILLO, *et al.*,<br><br>Respondents. | CASE NO. 2:26-cv-00129-GJL<br><br>ORDER DENYING RESPONDENTS' MOTION TO STAY FEE AWARD |

This is a federal habeas action filed under 28 U.S.C. § 2241.[1] On February 19, 2026, this Court granted federal habeas relief to Petitioner Glendy Yaneth Arreaga Morales de Putul upon finding that she was re-detained in violation of the Due Process Clause of the Fifth Amendment. Dkt. 13. Petitioner thereafter moved for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), and on August 13, 2026, this Court granted Petitioner's Motion and awarded her fees and costs totaling $25,129.00. Dkts. 16, 20.

On September 10, 2026, Respondents filed the instant Motion seeking to stay the Court's Order awarding fees pending the United States Supreme Court's decision in *Montoya Palacios v.*

[1] The parties have consented to proceed in this matter before a United States Magistrate Judge. Dkt. 4.

*Liggins*, No. 25-1223, 146 S. Ct. 2789 (2026) (granting certiorari). Dkt. 23. The Supreme Court will address in that case the question of whether the "any civil action" language found in the EAJA includes federal habeas actions challenging civil immigration detention. *See Montoya Palacios*, 146 S. Ct. 2789. Here, Respondents argue that holding the fee award in abeyance while awaiting the Supreme Court's decision in *Montoya Palacios* will promote judicial efficiency and conserve judicial resources. Dkt. 23 at 3–4. Respondents further argue that Petitioner will not suffer any prejudice if this Court stays the Order since Petitioner is not presently in custody. *Id.* at 3. Petitioner opposes the Motion to stay. Dkt. 24.

Upon review of Respondents' Motion and the remaining record in this case, the Court declines Respondents' request to stay enforcement of the Court's Order awarding attorney fees to Petitioner. Notably, this Court has found that immunity does not bar the recovery of EAJA fees in habeas actions involving immigration detention. *Tsaymba v. Hermosillo*, No. 2:25-cv-02623-GJL, 2026 WL 2874027, at *2–3 (W.D. Wash. Sept. 24, 2026); *Caisa Telenchana, et al. v. Hermosillo*, No. 2:26-cv-00363-GJL (W.D. Wash. Sept. 27, 2026) (Dkt. 49). Further, binding Ninth Circuit authority holds EAJA fees may be awarded to a prevailing petitioner in an immigration habeas proceeding. *See In re Hill*, 775 F.2d 1037, 1040–41 (9th Cir. 1985); *cf. Nadarajah v. Holder*, 569 F.3d 906 (noting the government and the immigration habeas petitioner presumed that EAJA fees were available and awarding enhanced fees). Moreover, "[n]ew legal principles, even when applied retroactively, do not apply to cases already closed." *Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 758 (1995). Thus, delaying reimbursement of the expenses incurred in challenging Petitioner's unlawful re-detention constitutes a financial injury Petitioner should not continue to bear while *Montoya Palacio* works its way through the Supreme Court.

For the foregoing reasons, Respondents' Motion to stay the fee award (Dkt. 23) is **DENIED**.

Dated this 8th day of October, 2026.

Grady J. Leupold
United States Magistrate Judge